UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ROBERT FANTER,**  Plaintiff,  v.  **MENARD, INC.,**  Defendant. | No. 15 C 7912  Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Fanter filed the instant lawsuit against Menard, alleging personal injuries and damages arising from an incident that occurred in March 2014. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). On November 14, 2016, Menard filed a Motion for Summary Judgment. For the reasons set forth below, the Motion is denied.

### I. FACTUAL ALLEGATIONS[1]

This case arises out of an accident that took place on March 24, 2014, while Fanter was shopping at the Menard's store in Plainfield, Illinois. (¶¶ 1–2). Menard is in the business of operating self-service, home improvement stores. (Dkt. 24 at 1; Dkt. 26 at 4, 6). Fanter owns a heating and air conditioning business and at the time of

---

[1] Unless otherwise indicated, all factual citations are to Defendant's undisputed statements of material facts. (Dkt. 24; *see* Dkt. 30 (Pl's Resp.)).

the accident had been shopping at this Menard's location twice daily over the past three to four years. (¶¶ 3–7).

On the date of the incident, Fanter was at Menard's to purchase three inch by ten foot long pieces of PVC pipe, which he had purchased numerous times prior to the incident. (¶¶ 8–10). The PVC pipe was stored vertically on a shelf with a two-by-four on the front of the display so that the pipe did not fall off the shelf. (¶ 19). When removing the ten-foot sections of pipe, the customer has to lift the pipe up and over the top of the display and then drop it down. (Dkt. 30 (Pl's Undisputed Facts) at ¶ 5). There is no possible way for a person to grab a length of 10-foot PVC pipe from the middle of the vertical display and pull it out; instead, the pipe must be grabbed on one end while moving one's hands up the length of the pipe so that it is balanced when you take it out of the display. (*Id.* ¶¶ 6–8).

To load and hold the PVC pipe, Fanter used a rail cart, which is a couple feet wide and four-to-five feet long with u-shape rails that extend from one end of the cart to the other lengthwise. (Def's Undisputed Facts ¶¶ 11–16). The rail carts provided by Menard's stores have a center wheel that is taller than the outside wheels, which are on swivel casters at the corners of the carts. (Pl's Undisputed Facts ¶ 12). There are no wheel locks on the rail carts. (*Id.*).

Fanter did not feel he needed any assistance from Menard's employees to load the PVC pipes onto the rail cart. (Def's Undisputed Facts ¶ 17). Fanter used two hands to load two PVC pipes onto the rail cart without any difficulty. (¶¶ 21–26). However, when he began loading the third piece of pipe, the rail cart started rolling

away from him. (¶¶ 27–28). He reached with his right hand to grab the cart while he had a piece of PVC pipe in his left hand. (¶ 33). The weight of the PVC pipe caused his left wrist to bend down and it "popped." (¶ 34). When he felt his wrist pop, Fanter dropped the PVC pipe. (¶ 35). After the incident, Fanter continued to load several more PVC pipes onto the rail cart and was able to load them into his vehicle without assistance. (¶¶ 37–38, 40; Pl's Resp. ¶¶ 38, 40). He did not inform Menard's personnel of the incident prior to leaving the store. (Def's Undisputed Facts ¶ 39).

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is proper only if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court views the evidence in the light most favorable to Fanter, the nonmoving party, and draws all reasonable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). To avoid summary judgment, Fanter, who bears the burden of proof, cannot rely on the pleadings alone, but must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (citation omitted); *see*

*Celotex*, 477 U.S. at 324 (Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.") (citation omitted).

**B. Premises Liability**

The parties agree that Illinois law applies to this lawsuit.[2] (Dkt. 26 at 2–3; Dkt. 32 at 1–2). In order to prevail on a negligence claim, a plaintiff must prove: (1) that the defendant owed the plaintiff a duty of care; (2) that the defendant breached that duty of care; and (3) that the breach of that duty proximately caused the plaintiff's injury. *Parker v. CBM Design, Inc.*, 2014 IL App (1st) 13-0677-U, ¶ 39; *Baez v. Target Corp.*, No. 13 C 4258, 2015 WL 753740, at *2 (N.D. Ill. Feb. 20, 2015). "Whether a duty is owed presents a question of law for the court to decide, while breach of duty and proximate cause present questions of fact for the jury to decide." *Thompson v. Gordon*, 241 Ill. 2d 428, 438–39, 948 N.E.2d 39, 45 (2011).

  *1. Duty of Care*

In Illinois, businesses owe their invitees a duty to maintain their premises in a reasonably safe condition to avoid injuring them. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 448 (2006); *Donoho v. O'Connell's, Inc.*, 13 Ill. 2d 113, 118 (1958) (A defendant "owes a business invitee the duty of exercising ordinary care in maintaining the premises in a reasonably safe condition."); *Peterson v. Wal–Mart Stores, Inc.*,

---

[2] The Court will not challenge the parties' choice of law. *Wood v. Mid-Valley, Inc.*, 942 F.2d 426, 427 (7th Cir. 1991) ("Courts do not worry about conflict of laws unless the parties disagree on which state's law applies."); *accord Markin v. Chebemma Inc.*, 526 F. Supp. 2d 890, 893 (N.D. Ill. 2007).

241 F.3d 603, 604 (7th Cir. 2001) (applying Illinois law). Four factors guide the Court's duty analysis: "(1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant." *Simpkins v. CSX Transp., Inc.*, 2012 IL 110662, ¶ 21; *accord Bruns v. City of Centralia*, 2014 IL 116998, ¶ 14. "[T]he weight accorded each of these factors in any given analysis depends on the circumstances of the case at hand." *Simpkins*, 2012 IL 110662, ¶ 18.

The Court's careful consideration of these factors compels the conclusion that the law imposed a duty of reasonable care upon Menard under the circumstances of this case. "Injury here was reasonably foreseeable because a reasonably prudent person could have foreseen the events which ensued." *Pullia v. Builders Square, Inc.*, 265 Ill. App. 3d 933, 937 (1994). Menard's stores are generally "self-service"; thus, it is the customer who decides whether assistance is required. (Dkt. 24, Ex. D (Fowler Dep.) at 30–31, 45; Dkt. 26 at 4, 6). In this scenario, it is reasonably foreseeable that Fanter, a Menard's customer, would have difficulty trying to move an unwieldy ten-foot section of PVC pipe up and out of a vertical display and then load it horizontally onto an unsteady cart. The Court finds that it is foreseeable that a customer could injure himself in such an attempt.

Menard contends that "[i]t is not reasonably foreseeable that a customer would injure himself by attempting to balance a 10 foot long pipe in one hand while utilizing the other hand to reach for something." (Dkt. 26 at 6). But "[f]oreseeability does not require that the entity charged with negligence should have foreseen the precise

injuries which resulted from the negligent conduct." *Pullia*, 265 Ill. App. 3d at 938 (citing *Greene v. City of Chicago*, 73 Ill. 2d 100, 111–12 (1978)).

In *Pullia*, the Illinois appellate court reversed summary judgment and held that Builders Square—a self-service, home improvement store like Menard—owed a duty of care to a customer who was injured while trying to retrieve a fence post from a cantilever rack system. 265 Ill. App. 3d at 933–34. The *Pullia* court found it foreseeable that "a store owner of a self-serve store who places goods beyond the reach of a person of ordinary height and provides no means for customers to reach those goods is bound to anticipate that a customer may attempt to reach the goods by stepping on a lower shelf or projection." *Id.* at 937 (customer who climbed onto the lower shelf lost a finger when his wedding ring was caught as he fell off the lower shelf); *see Staten v. Pamida, Inc.*, 189 Ill. App. 3d 125, 126–27 (1989) (paint cans fell when customer stretched to reach products stacked above them). The court determined that the plaintiff's injury was reasonably foreseeable. *Pullia*, 265 Ill. App. 3d at 937. Builders Square's policy was to assist customers only on an "as needed" basis; thus, Builders Square leaves it up to the customer to decide whether assistance is needed. *Id.* "In this atmosphere, it was entirely foreseeable that [plaintiff], a customer, would step up onto the rack system to obtain the desired fence posts which were just beyond his reach in a self-serve area of Builders Square." *Id.* The appellate court then concluded:

> Builders Square (a) should have realized that displaying merchandise beyond the reach of customers of ordinary height, where a lower shelf or projection encourages self-service customers to step up onto it to retrieve goods, subjects customers to an unreasonable risk of harm; (b)

> should have expected that self-service customers who desire to purchase goods just beyond their grasp may attempt to do so themselves, as they may not discover or realize the danger or will fail to protect themselves against it; and (c) failed to exercise reasonable care to protect self-service customers against the danger, since Builders Square displayed the merchandise just beyond their reach where a lower shelf or projection encouraged them to step up onto it and did not warn of the danger.

*Id.* at 938.

Here, Menard should have realized that placing ten-foot PVC pipes in a vertical display which requires two hands to move the pipes up and out of the display, moving your hands up the pipe as you are pulling it out to keep it balanced, before rotating them horizontally to place on a rail cart, subjects customers to an unreasonable risk of harm. Menard should have also "expected that self-service customers who desire to purchase goods just beyond their grasp may attempt to do so themselves, as they may not discover or realize the danger or will fail to protect themselves against it." *Pullia*, 265 Ill. App. 3d at 938. Further, Menard failed to exercise reasonable care to warn self-service customers against the danger inherent in trying to keep a ten-foot PVC pipe balanced while removing it from a vertical display with a two-by-four barrier.[3]

Menard contends it owed no duty of care to Fanter because he was familiar with the store and the product, had no difficulty initially moving the pipe, and knew that assistance was available but chose not to ask for it. (Dkt. 26 at 6). But the Court "must focus . . . on the question of whether the injury was reasonably foreseeable at

---

[3] The *Pullia* court was, in part persuaded by the lack of "warning signs . . . placed on or near the rack system . . . warning [customers] of any danger to themselves should they [serve themselves]." 265 Ill. App. 3d at 934.

the time defendant engaged in the allegedly negligent action." *Simpkins*, 2012 IL 110662, ¶ 25; *see Ward v. K Mart Corp.*, 136 Ill. 2d 132, 148 (1990) ("The scope of defendant's duty is not defined by reference to plaintiff's negligence or lack thereof. The focus must be on defendant."). In other words, when Menard decided to place its PVC pipe in a vertical display, was it foreseeable that one of its customers could be injured trying to remove the product? As discussed above, the Court finds that it was.

The factors other than foreseeability also support imposing a duty of reasonable care upon Menard. "The second factor, the likelihood of injury, is sufficiently great to impose a duty upon the store owner." *Pullia*, 265 Ill. App. 3d at 940. The last two factors—the magnitude of the burden of guarding against the injury, and the consequences of placing that burden on the defendant—are related. Menard contends it would be an untenable burden "to expect [it] to monitor what every patron is touching or picking up in the store to purchase" and "would require an employee for every person shopping in the store." (Dkt. 26 at 6). There are, however, other remedies well short of monitoring every customer. For examples, warning signs could be placed near the vertical display reminding customers that assistance is available if needed, or wheel locks could be installed on the rail carts. Alternatively, the PVC pipe could be displayed horizontally to eliminate the awkward need to move the pipes up vertically with two hands before transitioning to horizontal placement on the rail cart. Menard acknowledges that it displays its longer sections of PVC pipe vertically to increase product assortment and maximize the amount of merchandise

displayed within a minimal amount of floor space. (Pl's Undisputed Facts ¶ 10). But as the *Pullia* court concluded, "Store owners who desire to stack merchandise vertically in order to increase profit should be liable for a customer's foreseeable injury resultant from the practice, minus any amount attributable to the customer's comparative negligence." 265 Ill. App. 3d at 941. Finally, because "the existence of a duty . . . involves considerations of public policy," *Simpkins*, 2012 IL 110662, ¶ 17 (citations omitted), "self-service merchandisers should display their wares so that customers may procure them safely without assistance or provide more readily available assistance or warn of the danger," *Pullia*, 265 Ill. App. 3d at 941.

Menard contends that Fanter contributed to his injury "by choosing to hold a 10 foot long pipe in one hand while reaching for the cart with the other hand." (Dkt. 26 at 6). While comparative negligence may be applied to reduce a plaintiff's recovery, the principles of comparative negligence apply only after the plaintiff has established that the defendant owed him a duty of care. *Wagner v. City of Chicago*, 166 Ill. 2d 144, 151 (1995) ("[I]f the city owed and breached a duty to a plaintiff, the city was not held liable for its breach if the plaintiff was contributorily negligent to any degree. However, the plaintiff's inability to recover due to contributory negligence did not negate the municipality's duty and breach. It simply provided the municipality with a defense."); *Ward*, 136 Ill. 2d at 156–57 ("The trier of fact may also consider whether the plaintiff was in fact guilty of negligence contributing in whole or in part to his injury, and adjust the verdict accordingly."); *Palladini v. City of E. Peoria*, 134 Ill. App. 3d 345, 348 (1985) ("[Under contributory negligence], plaintiff's

fault only relieved defendant from the consequences of his own negligence; it did not obviate defendant's duty to exercise reasonable care.").

Finally, Menard asserts that there is no industry standard precluding its vertical display or requiring rail carts with wheel locks. (Dkt. 26 at 5, 7). But Menard provides no authority—either statutory or common law—for the proposition that its duty of care is governed by industry standards. *See Duffin v. Seibring*, 154 Ill. App. 3d 821, 832 (1987) ("None of the cases cited by Seibring support his contention that . . . industry standards . . . pertaining to the use of safety devices on grain bins were necessary in order to establish a duty of care on his part, and our own research has revealed no authorities supporting this contention."). In any event, if such industry standards exist, they would not be conclusive on Menard's duty of care. 65A C.J.S. Negligence § 911 ("Even though evidence of compliance with industry standards is admissible, however, such evidence is not conclusive on the issue of due care."). Instead, if such standards exist, a jury could consider them to determine whether Menard has breached or satisfied its duty of care. *Heck v. Simplexgrinnell LP*, No. 14 C 5491, 2016 WL 704811, at *10 (N.D. Ill. Feb. 23, 2016) ("Plaintiff cites to a litany of cases where courts considered OSHA and analogous state regulations in negligence actions, but he overlooks that not one of the cases relied on the regulations to find that a duty existed. Instead, the cases explain that the factfinder may properly consider such regulations when determining what the duty of care entailed and whether it was breached.") (discussing Illinois law); *Zachman v. Citibank, N.A.*, 183 F. Supp. 3d 922, 924 (N.D. Ill. 2016), *appeal dismissed* (Sept. 14, 2016) ("Plain-

tiff instead argues that these acts together with Citibank's internal policies create a duty of care. However, making this argument, Plaintiff fails to differentiate between a duty of care and a standard of care. The latter only applies to a situation where there is a duty of care to begin with.") (citing *Rhodes v. Ill. Central Gulf Railroad*, 172 Ill. 2d 213, 238 (1996); *see also Lees v. Carthage Coll.*, 714 F.3d 516, 523 (7th Cir. 2013) (explaining that "the standard of care is a fusion of the elements of duty and breach" for the fact finder to consider).

### *2. Breach of the Duty of Care*

While the Court finds as a matter of law that a duty of care exists in this situation, Fanter must still demonstrate that Menard breached that duty by creating an unreasonably dangerous condition that it should have rectified or warned about. "Whether the premises owner breached his general duty of reasonable care with respect to a particular hazard is generally a question for the trier of fact." *Marshall v. Burger King Corp.*, 355 Ill. App. 3d 685, 688 (2005).

Menard argues that because Fanter "testified that he had no issue with the display [and] there [is no] allegation or evidence of a defect in the display," there is no genuine issue of material fact regarding whether Menard breached the duty of care. (Dkt. 26 at 7). But Menard's store manager testified that there is no possible way for a person to grab a length of 10-foot PVC pipe from the vertical display in the middle to pull it out. (Pl's Undisputed Facts ¶ 6). Instead, a customer must grab the pipe at one end and move his hands up the length of the pipe toward the center so it is balanced when he takes it out of the display. (*Id.*). Further, the customer must

work his hands up the pipe as he is pulling it out to keep it balanced. (*Id.*). Under these circumstances, a jury could reasonably find Menard negligent in its design of the PVC-pipe display and in its failure to rectify or properly warn.

### *3. Proximate Cause*

Fanter must also demonstrate that Menard's breach of the duty of care proximately caused the injury to his wrist. *Workforce Sols. v. Pettinger*, 2015 IL App (1st) 121265-U, ¶ 23, *appeal denied*, 39 N.E.3d 1012 (Ill. 2015) ("Proximate cause is the natural or probable sequence which produced the injury complained of by the plaintiff."). "The term 'proximate cause' encompasses two distinct requirements: cause in fact and legal cause." *Sheets v. Strawn*, 2012 IL App (3d) 110659-U, ¶ 38. Cause in fact, which is sometimes referred to as "actual cause," "can be established only where there is a reasonable certainty that a defendant's acts caused the injury or damage." *Simmons v. Garces*, 198 Ill. 2d 541, 558 (2002) (citation omitted). "The second requirement, legal cause, is established only if the defendant's conduct is so closely tied to the plaintiff's injury that he should be held legally responsible for it." *Sheets*, 2012 IL App (3d) 110659-U, ¶ 39; *Abrams v. City of Chicago*, 211 Ill. 2d 251, 258 (2004) ("The relevant inquiry is whether the injury is of a type that a reasonable person would see *as a likely result* of his or her conduct.") (emphasis in original) (citation omitted). "A determination as to legal cause is a policy decision that limits how far a defendant's legal responsibility should be extended for conduct that, in fact, caused the harm." *Simmons*, 198 Ill. 2d at 558 (citation omitted). Proximate cause can be established only "if it is reasonably certain the defendant's acts caused

the plaintiff's injury." *Newsom-Bogan v. Wendy's Old Fashioned Hamburgers of N.Y., Inc.*, 2011 IL App (1st) 092860, ¶ 16. "However, proximate cause can be sufficiently established by circumstantial evidence when an inference can reasonably be drawn from it." *Olson v. Williams All Seasons Co.*, 2012 IL App (2d) 110818, ¶ 26.

Menard contends that the actual cause of Fanter's injuries "is his holding the 10 foot long, 15 pound PVC pipe in the palm of this left hand, causing it to bend backwards." (Dkt. 26 at 8). But a jury could reasonably conclude that were it not for the vertical display, which forced Fanter to carefully balance the pipe as he rotated it horizontally, and the easily moveable rail cart, which caused Fanter to reach out and grab the moving cart with his right hand, his injury would not have occurred. *Abrams*, 211 Ill. 2d at 258 ("A defendant's conduct is a material element and substantial factor in bringing about the injury if, absent that conduct, the injury would not have occurred."). And, as to legal cause, a jury could reasonably find or infer that Fanter's injuries were a likely result of the awkward way that the pipe must be removed from the vertical display and placed on an easily moveable rail cart. Consequently, proximate cause, being primarily here a fact question, provides no basis for affirming summary judgment.

## III. CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment [25] is **DENIED**.

E N T E R:

Dated: March 20, 2017

MARY M. ROWLAND
United States Magistrate Judge